# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-684V
**Filed: September 23, 2015**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | UNPUBLISHED |
| DARREN ROSE *and* | * | |
| HEEJIN JINNY ROSE, *as the parents and* | * | Special Master Gowen |
| *natural guardians of* K.R., *a minor,* | * | |
| | * | |
| Petitioners, | * | |
| | * | |
| | * | Stipulation; |
| v. | * | Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * | | |

Mark T. Sadaka, Mark T. Sadaka, LLC, Englewood, NJ, for petitioner.
Lara Ann Englund, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON SUPPLEMENTAL ATTORNEYS' FEES AND COSTS[1]

On July 31, 2015, Darren Rose and Heejin "Jinny" Rose ("petitioners") filed a petition on behalf of K.R., their minor child, pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioners alleged that as a result of receiving an influenza ("flu") vaccine on August 11, 2011, K.R. developed chronic urticaria. Petition at Preamble. Further, petitioners alleged that K.R. experienced residual effects of his injury for

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

more than six months.  Id. at ¶ 4.  A Decision was issued on April 30, 2015, awarding compensation pursuant to the parties' stipulation filed that same day.  Judgment was entered May 5, 2015.

On September 14, 2015, the parties filed a Stipulation of Fact concerning attorneys' fees and costs.  Petitioner requested a total award of attorneys' fees and costs of $14,813.14.  Stip. of Fact ¶ 5.  Pursuant to General Order #9, petitioner's counsel represented that petitioner incurred $1,513,14 in reimbursable out-of-pocket expenses in this matter.  Stip. of Fact ¶ 4.  In accordance with the parties' September 14 stipulation, a Decision was issued September 16, 2015, awarding attorneys' fees and costs in the amount of $13,300.00 and reimbursing petitioners costs in the amount of $1,513.14.

On September 21, 2015, the parties filed a Stipulation of Fact Concerning Supplemental Costs.  Pursuant to General Order #9, petitioner's counsel therein represents that petitioners advanced an additional $1,000.00 in reimbursable costs in pursuit of their claim.  Stip. of Fact Concerning Supp. Costs ¶ 3.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). Based on the reasonableness of the parties' stipulation, the undersigned **GRANTS** the request for approval and payment of attorneys' fees and costs.

**Accordingly, I hereby award:**

**(1) A lump sum of $1,000.00 in the form of a check jointly payable to petitioners, Darren Rose and Heejin "Jinny" Rose, for personal litigation costs.**

The clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

s/ Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.